UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HEATH GARRETT WIBBENMEYER,  )
               Plaintiff,  )
               v.  )    No. 4:20-CV-461 DDN
KAREN MOODY,  )
             Defendant.  )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Heath Wibbenmeyer (registration no. 1065439), an inmate at Northeast Correctional Center ("NECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.41. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.41.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint and Supplemental Pleading**

Plaintiff Heath Wibbenmeyer, an inmate currently incarcerated at NECC, brings this action pursuant to 42 U.S.C. § 1983 asserting that his rights were violated during his incarceration at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He claims that defendant Dr. Karen Moody, a doctor/Medical Director at ERDCC, was deliberately indifferent to his medical needs for his chronically dislocated hip. He sues her in her official capacity only.

Plaintiff claims that he was received by the Missouri Department of Corrections on June 27, 2019. He states that he informed unnamed "medical staff" that he had hip issues, and that he "had just put it in place" the day prior to coming to the Department of Corrections and that "he had to follow hip precautions." Plaintiff does not indicate what the "hip precautions" entailed, nor does he name the persons on the "medical staff" he told about his hip having been out of place the day before.

Plaintiff states that he was "ignored," and he was "placed on the top walk, top bunk, non-handicapped cell" for his cell assignment. Plaintiff does not indicate who was responsible for placing him in this cell. He states in his complaint, "At which time, when I used the restroom, my hip dislocated." He does not indicate what he was doing prior to using the restroom and having his hip dislocate.

Plaintiff states that he was sent to the emergency room three times between June 27, 2019 and July 2, 2019, presumably because his hip dislocated, although he does not say. He then states, "At which time it was left dislocated. I was sent to a handicap cell and Dr. Moody told me I could put it in place myself and let me like this for 30 days before she requested I see an orthopedic

surgeon." Plaintiff does not indicate whether he was given other medical treatment for his hip during this thirty (30) day time-period, or if he was given pain medication for his hip dislocation. However, from the grievance documents attached to his complaint, it does appear that plaintiff was receiving pain medication and physical therapy for his hip issues during this time.

Plaintiff has attached a grievance, filed on August 21, 2019, to his complaint, as well as a grievance response filed on December 20, 2019, signed by Nurse Todd Renshaw and Dr. K. Moody.[1] In his grievance, plaintiff states:

> I still haven't been to a medical orthopedic and have not had anything for pain since two weeks ago on the 3rd of August. My hip has been dislocated for almost 2 months and I have muscle deterioration in Rt. leg. I would like my hip relocated and any damage repaired that has resulted from its dislocation of 7 weeks now. And proper pain management please. And physical therapy.

In the grievance response, Nurse Renshaw and Dr. Moody state:

> Your Grievance has been received and reviewed as well as your medical record. The purpose of this review is to determine if medically necessary health care, as determined by your health care providers, has been provided to you. This assessment of your medical needs may differ from your personal desires.
>
> **Your concern is understood to be:**
> You state that you have had a chronically dislocated hip that causes pain. You are requesting pain management and physical therapy.
>
> **Subsequent to review and investigation, the results are as follows:**
> You were referred to and approved for physical therapy in July of 2019. You were evaluated by the physical therapist and given an exercise plan to help you with your condition. On 07/26/2019, the site physician referred you to an orthopedic specialist for treatment planning. You saw the specialist on 10/21/2019 and a surgical intervention was recommended. The specialist also recommended Tylenol for pain. You are currently prescribed Naproxen and Tylenol for pain. You are currently awaiting future appointments with a specialist for further treatment.
>
> **In conclusion:**
> You have been evaluated and treated by on-site and off-site providers. You are currently undergoing treatment planning by your current site's physician and off-site specialist.

---

[1] Pursuant to Federal Rule of Civil Procedure 10(c), the Court adopts, by reference, copies of exhibits attached to the complaint.

Additional questions should be addressed through the Medical Request Process.

Plaintiff filed a grievance appeal on February 18, 2020. In his grievance appeal, plaintiff stated:

> I have filed appeal 2xmes and neither have been entered into computer! I have been sent to a different physician and this causing my intervention plan to take [over] 7 months with hip out of place and surgery could have been available. My treatment has not been administered per policy stated in Friends and Family handbook and in medical policy for emergency. I have been mistreated and my condition has worsened since July 2nd, which started because I was not placed in a handicapped cell. Before I was injured I as on top walk, top bunk even though I informed intake of my condition. I also have received medical bills from hospital I acquired since incarcerated. I feel I need compensated for pain and suffering. My civil rights have been violated.

On February 28, 2020, plaintiff received a grievance appeal response signed by J. Cofield, from Constituent Services, and T. Bredeman, Regional Medical Director. The grievance appeal response stated:

> Your grievance appeal has been received and reviewed, as well, your medical record has been reviewed. The purpose of this review is to assure that timely and appropriate healthcare has been provided to you. This assessment of your medical needs may differ from your personal desires. Please note only one grievance issue will be addressed her IRR per MODOC policy.
>
> I understand your one original IRR complaint to be "you contend that you would like to be seen by an orthopedic specialist for your chronic right hip dislocation.
>
> Upon review of your medical record, grievance records and investigation of your concerns, I found that you were seen at ERDCC on December 19, 2019 for a follow-up out count for orthopedic surgery, by an orthopedic specialist. Your record shows appropriate x-rays of your right hip on June 28, 2019 and July 1, 2019. Your record notes examination and follow-up appointments by the medical staff at ERDCC. I found no lack of treatment or follow-up care, for your issues and concerns, by the medical staff at ERDCC. It is noted that the specialist recommended/ordered a surgical intervention. Your record shows that you are currently on out-count for court at this time, and the medical staff will update you upon your return to the site. Your record does note adjustment of your pain medications when medically indicated by the medical staff. You were encouraged to continue to be an active participant in your healthcare, and to follow the recommendations of the provider. Conclusion: Based on the above information your grievance appeal is not supported, as outlined. Your record shows appropriate care and treatment for your medical/mental health issues by licensed, qualified healthcare professionals with many years of experience. We rely upon the independent, discretionary

mental/medical judgment of the site physicians to determine appropriate care, medication and treatment as needed. Should your medical condition change, please address any concerns through the sick call process at your facility.

The Court takes judicial notice that plaintiff appears to have been held in a place other than NECC on a writ of habeas corpus prosequendum from approximately January 16, 2020 until March 4, 2020, relating charges pending against him in a criminal trial for the charge of possession of a controlled substance.[2] *See State v. Wibbenmeyer*, No. 18JE-CR03593-01 (23rd Judicial Circuit, Jefferson County Court). Thus, there was at least a three-month period wherein plaintiff was not within the custody of the Missouri Department of Corrections during the first part of 2020, as noted on the grievance response, because plaintiff was on "court out-count."

Plaintiff does not indicate when he was transferred from ERDCC and sent to NECC. However, the Court notes that at the time the first writ of prosequendum was filed on January 16, 2020, plaintiff was incarcerated at NECC. Plaintiff also indicated on his complaint at the time he filed his pleading on March 30, 2020, that he was still incarcerated at NECC at that time. However, as noted previously, defendant Moody worked at ERDCC, and defendant could have only had control over plaintiff's medical decisions up until the time of his transfer from ERDCC.

Plaintiff seeks compensatory and punitive damages for his purported injuries.

### Discussion

Plaintiff brings this action against just one defendant, Dr. Karen Moody, an employee of Corizon, LLC. However, he sues Dr. Moody in her official capacity only.

Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official, in this case, Corizon, LLC. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against Dr. Moody in her official capacity, plaintiff must allege

---

[2] The Court takes judicial notice of court filings from Missouri.Case.Net. Although the docket from *State v. Wibbenmeyer*, No. 18JE-CR03593-01 (23rd Judicial Circuit, Jefferson County Court) indicates that plaintiff was out on writ until at least March 4, 2020, it does not state when he was returned to NECC.

that a policy or custom of Corizon, LLC is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon, LLC, was responsible for the alleged violations of plaintiff's constitutional rights. As a result, as currently plead, the complaint fails to state a claim upon which relief can be granted.

Even if the Court were to presume that plaintiff had brought this action against Dr. Karen Moody in her individual capacity, the complaint would still fail to state a claim upon which relief could be granted as it is currently written. Although plaintiff states that he told individuals in the "medical staff" that he had hip issues when he first came to ERDCC in June of 2019, he does not claim that defendant Moody knew about the issues at the time he checked into the prison and that she was the individual who assigned him to the top walk, top bunk and not to the handicapped cell. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendant *actually knew of but deliberately disregarded those needs*.³ *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (emphasis added).

In fact, plaintiff does not mention that he spoke to Dr. Moody about his difficulties with his hip until July 2, 2019, when he *was* assigned to a handicapped cell by her and started in physical therapy that was prescribed by her as treatment for his hip issues. Dr. Moody also prescribed plaintiff Tylenol and Naproxen for his pain. Furthermore, by July 26, 2019, Dr. Moody had made an appointment for him to see an outside orthopedic specialist regarding his hip. Plaintiff saw the

---

³Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that was involved in checking plaintiff into the prison. As a result, he cannot claim that defendant Moody can be held responsible for failing to provide him a handicap cell when he initially checked in, or for placing him in a regular cell on the top walk, top bunk.

specialist on October 21, 2019, and it does appear, according to the grievance response, that surgical intervention was recommended, and surgery appears to have occurred on December 19, 2019. In the grievance appeal response, T. Bredeman and J. Cofield indicate, "[plaintiff] was also seen at ERDCC on December 19, 2019 for a follow-up out count for orthopedic surgery, by an orthopedic specialist.

To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

As stated above, plaintiff has only named Dr. Moody, a physician at ERDCC as a defendant in this case. From the documents attached to the complaint outlining the medical care done at ERDCC, Dr. Moody appears to have ordered a handicapped cell for plaintiff, as well as physical therapy for plaintiff, as soon as he alleges that she knew about plaintiff's hip injury.[4] Moreover,

---

[4] Plaintiff has also failed to allege an individual capacity claim against Dr. Karen Moody for delay in medical care. Although deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care, *see Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976), plaintiff would be unable to make such a claim in this case. As noted above, Dr. Moody appears to have ordered the handicapped cell for plaintiff after finding out about his hip issues, and she additionally ordered physical therapy for plaintiff, as well as pain medication for him at that time. Although plaintiff makes much of the fact that it took her twenty-two (22) days to seek an outside specialist from the date of her purported knowledge of his issues, the Court does not find that this was a significant delay. He has not alleged that this delay in seeing the specialist aggravated his condition, nor has he alleged that Dr. Moody failed to provide him with *any* care during this time period. "The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) (*citing Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006)). A delay as brief and as non-detrimental as plaintiff alleges does not state a claim for deliberate indifference to his serious medical needs. *See Johnson*, 452 F.3d at 973 (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg pain and visit with doctor was insufficient to state a constitutional claim absent allegations the condition required immediate attention or the delay in treatment aggravated the condition).

she made him an appointment with an outside specialist within twenty-two (22) days of knowing about his injury and ordering him a handicap cell, and he was seen by that specialist on October 21, 2019. She also treated him with Naproxen and Tylenol for pain. Additionally, less than two months later, plaintiff had the recommended surgery on his hip, on December 19, 2019. Given the aforementioned, the Court cannot say that Dr. Moody disregarded plaintiff's serious medical needs in violation of the Eighth Amendment even if she had been named in her individual capacity in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.41 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of February, 2021.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE